UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MICHAEL HABINIAK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-299 |
| | § | |
| MNB VENTURES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Before the Court are various motions filed by the parties to this case. Before turning to these motions, the Court finds it necessary to briefly recite the background giving rise to these claims.[1]

I. Background

*Habiniak I*

Sometime in 2006 Michael Habiniak ("Habiniak"), Plaintiff herein, and Candelario Ontiveros ("Ontiveros") owned shares in North America Mining Company ("NAMCO"). Habiniak alleges Ontiveros abused his position of trust in various ways including the misuse of a credit card, resulting in the loss of millions of dollars. As a result of those actions, Habiniak sued Ontiveros and Texas National Bank ("TNB"), for whom Ontiveros was a trustee. That suit, the "mineral mine" case was filed in the 332nd Judicial District Court of Hidalgo Count where Judge Mario E. Ramirez is the Presiding Judge. Habiniak was represented by attorney James Grissom ("Grissom"); Ontiveros was represented by attorney David J. Lumber and Guerra Law Group, PLLC; and TNB was represented by attorney Carlos Yzaguirre of Kittleman Thomas &

[1] The Court takes these facts generally from the complaints filed in *Habiniak I* and this case.

Gonzalez. At some point, Grissom was permitted to withdraw as counsel of record for Habiniak and he then proceeded *pro se.* Thereafter, Judge Ramirez granted summary judgment in favor of Ontiveros and TNB. Habiniak then moved to disqualify Judge Ramirez claiming he was disqualified from hearing the case because the titular partner of Kittleman Thomas & Gonzalez was Judge Ramirez' brother-in-law.

In a separate lawsuit filed in the County Court at Law No. 1 of Hidalgo County, TNB sued Ontiveros, Habiniak, and NAMCO for the unpaid debt on the credit card Ontiveros is alleged to have misused. Habiniak alleges attorney James Grissom represented him without his knowledge in that "credit card" case and also executed a settlement agreement without his knowledge. Habiniak claims generally that in this credit card case Grissom conspired with TNB's attorney Carlos Yzaguirre ("Yzaguirre").

During this same time-frame, Habiniak filed a bankruptcy petition and an adversary action (the "bankruptcy cases"), retaining Grissom and William Csabi ("Csabi") to represent him. Habiniak alleges Grissom and Csabi mismanaged the bankruptcy cases and ultimately conspired to defeat his cases.

Based upon the foregoing, Habiniak, acting pro se and purporting to represent others, filed a complaint in the United States District Court for the Southern District of Texas-McAllen Division naming Judge Ramirez, the attorneys involved in those cases, TNB and various others as defendants. The complaint, "*Habiniak I*" asserted a § 1983 cause of action; § 1985(3) conspiracy cause of action; § 1985(2) and *Bivens* conspiracy; and *Bivens* violations.[2] This Court eventually dismissed *Habiniak I* in its entirety, finding the claims were either barred by the *Rooker-Feldman* doctrine or for failure to state a claim. Habiniak appealed the judgment of this Court to the Fifth Circuit Court of Appeals. In May 2015, the Fifth Circuit affirmed this Court's

[2] See Case No. 7:14-cv-069.

judgment and in August 2015, the Fifth Circuit denied Panel Rehearing. As of this date, no petition for writ of certiorari has been filed.

*The Instant Case*

In July 2015, while Habiniak had a pending petition for rehearing en banc with the Fifth Circuit, Habiniak filed the instant case. In this Complaint, Habiniak has sued the same defendants for actions in one manner or another arising from the facts giving rise to, and the handling of, the mineral mine, credit card and the bankruptcy cases. In a one-hundred page Complaint, Habiniak has sued MNB Ventures, Inc. ("MNB"); Texas National Bank; Texas National Bank's 51% controlling Directors ("TNB-51"); Kittleman Thomas Law Firm ("Kittleman Thomas"); Guerra Group Law Firm ("Guerra"); Judge Mario E. Ramirez; Candelario Ontiveros; TNB President Joe Quiroga ("Quiroga"); MNB/TNB Director Heriberto Alanis ("Alanis"); Carlos M. Yzaguirre; David J. Lumber ("Lumber"); James P. Grissom ; and William A. Csabi (jointly "Defendants"). The only new names here are MNB and TNB-51[3]; otherwise, the defendants are the same as in *Habiniak I*. However, MNB is identified as a bank holding company which has acquired controlling interest of TNB and as noted TNB was a defendant in *Habiniak I* and is again a defendant here. In *Habiniak I,* Habiniak sued the TNB Board of Directors; here, he has identified TNB-51 as the controlling directors of TNB. Thus, for all practical purposes, the parties are the same.

The complaint, styled *Application for Declaratory Relief Civil Complaint*[4] ("Complaint") is difficult to decipher. As noted, it is one hundred pages in length in addition to sixty-seven pages of appendices. Habiniak claims he brings this case as an independent common law bill in

[3] It is unclear from the Complaint whether Habiniak is suing TNB-51 as a separate entity. It is included in the same paragraph as TNB and only one summons was issued addressed to both TNB and TNB-51 and only one summons was served. Thus, the Court considers them one.
[4] Dkt. No. 1.

equity but most significantly, the factual basis for the Complaint is substantially the same as the factual basis for *Habiniak I*. Here, Habiniak asserts claims for breach of contract, breach of fiduciary duty, fraud, and conspiracy to commit fraud. He also appears to allege claims arising from violations of certain banking laws, violations of federal and state penal codes, gross negligence, negligent hiring, and also appears to raise 5th and 14th Amendment claims. But as noted, the claims all arise from the same four underlying state court cases made the basis of *Habiniak I*. Not surprisingly then, various Defendants have moved to dismiss.

II. Motion to Strike

The Court first considers the Consolidated Response and Motion to Strike Defendants' Defenses[5] filed by Habiniak. Defendants Lumber and Guerra; Kittleman Thomas; Yzaguirre; MNB, Quiroga, and TNB; and Ramirez have each filed a response.[6] Generally, Habiniak invokes Rule 12(f) of the Federal Rules of Civil Procedure in seeking dismissal of all of Defendants' defenses. Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Habiniak does not specifically address the perimeters of Rule 12(f) but it is well established that "motions to strike a defense are generally disfavored . . ."[7] However, "a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."[8] Here, Habiniak does not address in what manner the defenses are insufficient as a matter of law, rather, he basically re-argues his claim that Judge Ramirez was disqualified in the mineral mine case. In other words, Habiniak wants Defendants' defenses struck because he thinks he has a meritorious case. As

[5] Dkt. No. 26.
[6] Dkt. Nos. 33, 40, 41, 42, 43 & 44.
[7] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057-58 (5th Cir. 1982)(Internal citations omitted).
[8] *Id*.

demonstrated in the following section, at least one of the defenses is sufficient as a matter of law,[9] therefore, the motion to strike is DENIED.

III. Motions to Dismiss

Nine of the twelve Defendants have moved to dismiss on various grounds.[10] Considered jointly, the grounds for dismissal include: failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure; lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and the *Rooker-Feldman* doctrine; pursuant to Rule 12(b)(6) for failure to state a claim; judgment on the pleadings pursuant to Rule 12(c); pursuant to 12(b)(4) & (5) for insufficient service; judicial immunity; collateral estoppel; and *res judicata*.[11] Habiniak's only response is the motion to strike discussed above wherein he requests this Court to strike "all the Defendant's defenses under FRCP Rules 8, 9, 12, laches, res judicata (sic), collateral estoppel, *Rooker-Feldman* doctrine, judicial and sovereign immunity, subject matter jurisdiction (sic) and insufficiency of process . . . ."[12]

Because this Court finds that the majority of Habiniak's Complaint is barred by the doctrine of *res judicata*, the Court addresses that basis for dismissal only. The Court does note that not all defendants have raised *res judicata* as a basis for dismissal. However, although Fed.R.Civ.P. 8(c) denominates *res judicata* as an affirmative defense, a district court may raise it *sua sponte* in the interest of judicial economy where both actions were brought before the same court.[13] Thus, the Court considers dismissal based on *res judicata* even as to those defendants who have not raised it.

[9] By noting that one defense is sufficient as a matter of law the Court does not imply that the remaining defenses are insufficient.
[10] Dkt. Nos. 5, 7, 9, 22, 23, and 24.
[11] *Id*.
[12] Dkt. No. 26.
[13] *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)(Internal citations omitted.)

*Res Judicata*

"There are no maxims of the law more firmly established, or of more value in the administration of justice, than the two which are designed to prevent repeated litigation between the same parties in regard to the same subject of controversy; namely, *interest rei publicae, ut sit finis litium*, and *nemo debet bis vexari pro una et eadam causa*.[14] This principle, known as "*res judicata* encompasses two separate but linked preclusive doctrines: (1) true *res judicata* or claim preclusion and (2) collateral estoppel or issue preclusion."[15] "True *res judicata* 'has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.'"[16]

The analysis here is fairly straightforward as to the first three elements. The parties here are substantially the same as is *Habiniak I*; the only difference being the addition of MNB and TNB-51. However, MNB and TNB-51, if not the same as TNB are at the very least in privity with TNB. As such, the first element is satisfied. As to the second element, the judgment in *Habiniak I* was rendered by a court of competent jurisdiction - the United States District Court for the Southern District of Texas, the same court wherein the instant Complaint was filed. That element is also satisfied. Regarding the third element, on June 13, 2014 this Court entered an order disposing of all claims in *Habiniak I* either on the merits or based on lack of jurisdiction.[17] "Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so

---

[14] *United States v. Throckmorton*, 98 U.S. 61, 65 (1878)("It is in the interest of the state that there be a limit to litigation." and "No one should be twice troubled for the same cause.")
[15] *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013) (Internal citations omitted.)
[16] *Id.* at 467.
[17] See Case No. 7:14-cv-69, Dkt. No. 57. Although the court later set aside part of the order awarding sanctions, the order was nonetheless final and appealable.

as to make the case *res judicata* on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims."[18] Additionally, the judgment of this Court was appealed to, and affirmed by, the Fifth Circuit Court of Appeals.[19] Even were Habiniak to file a petition for writ of certiorari in *Habiniak I*, that judgment is considered final for *res judicata* purposes.[20] Clearly then, the first three elements are easily established.

The Court also finds that the fourth element is easily established. However, because Habiniak contends his claim here is "an independent common law bill in equity," the Court addresses it in greater detail. In the words of a sister court

> To determine whether the two cases involve the same cause of action, the Fifth Circuit applies the transactional test enunciated in the Second Restatement of Judgments.[21] The critical issue under this determination is whether the two actions under consideration are based on "the same nucleus of operative facts." That the precise claim presented in the second case was not presented in the former case does not keep the "new" claim alive. *Res judicata* bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication. The claim is barred, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented. In other words, "one who has a choice of more than one remedy for a given wrong . . . may not assert them serially, in successive actions, but must advance all at once on pain of bar."[22]

[18] *Boone v. Kurtz*, 617 F.2d at 436.
[19] See Case No. 7:14-cv-69, Dkt. No. 68.
[20] *See Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co.*, 510 F.2d 272, 273 (5th Cir.1975)(Internal citations omitted)("A case pending appeal is *res judicata* and entitled to full faith and credit unless and until reversed on appeal.")
[21] Restatement (Second) of Judgments § 24 (1982) provides in pertinent part: (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claims pursuant to the rules of merger or bar . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. Comment c to § 24 explains: Transaction may be single despite different harms, substantive theories, measures or kinds of relief . . . . That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.
[22] *Cisco Sys., Inc. v. Alcatel USA, Inc.*, 301 F. Supp. 2d 599, 602-03 (E.D. Tex. 2004).

Habiniak in *Habiniak I* alleged a § 1983 cause of action; § 1985(3) conspiracy cause of action; § 1985(2) and *Bivens* conspiracy; and *Bivens* violations. He does not reassert those causes of action here. However, with limited exception, the causes of action asserted here are based on the same nucleus of operative facts. In *Habiniak I*, Habiniak alleged that Ontiveros committed various wrongful acts causing substantial loss to both Habiniak and NAMCO. Those actions resulted in the filing of the mineral mine and credit card cases. Here, Habiniak alleges Ontiveros committed various wrongful acts causing substantial loss to both Habiniak and NAMCO. In *Habiniak I*, Habiniak alleged that his attorneys Grissom and Csabi mishandled the cases on his behalf, causing him damages. He claims the same here. Habiniak further alleged in *Habiniak I* that the attorneys involved in the state cases, along with the judge handling the mineral mine case engaged in a conspiracy and violated his constitutional rights. Habiniak again alleges that the attorneys involved in the mineral mine case, the credit card case and the bankruptcy cases, along with the judge handling the mineral mine case engaged in a conspiracy and violated his constitutional rights. Additionally, in *Habiniak I,* Habiniak alleged his own attorneys grossly mishandled his representation in the bankruptcy cases and he alleges the same here. Though Habiniak may claim this is "an independent common law bill in equity," it clearly arises from the same nucleus of operative facts that were made the basis of *Habiniak I*.

In connection with the fourth element, the Court also considers whether the claims in the instant suit are the same claims raised in the earlier suit. If so, the inquiry ends there.[23] If the claims arise from the same nucleus of operative facts but were not raised in the earlier case, then the court must determine whether the claims could or should have been brought in the earlier

[23] *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 403-04 (5th Cir. 2009) ("[W]e find no merit in Oreck's contention that the instant claims were not the same as those in *Oreck I* . . . .")

case.[24] As noted, Habiniak claims this is "an independent common law bill in equity, collaterally attacking three related final judgments and a judicial order."[25] In his complaint in *Habiniak I*, Habiniak similarly alleged "all of Judge Ramirez's orders and rulings in Civil Case C-1466-08-F [were] legal nullities and unenforceable;"[26] that the actions related to the credit card case were all part of a conspiracy between the various defendants[27] to "commit[] fraud on Hidalgo County Court at Law 'A' . . . thereby depriving the Hidalgo County Court at Law 'A' [of] in personam jurisdiction of Plaintiff[]"[28] and that Grissom, Csabi and Yzaguirre conspired in the bankruptcy cases so that the cases would be dismissed and/or remanded.[29] Thus, Habiniak makes clear that he seeks here what he sought in *Habiniak I*, to vacate the state court judgments. Although now titled as a bill in equity, and although the causes of actions pled may be given a different name, Habiniak could and should have been brought these claims in *Habiniak I.* Thus, the Court finds that the majority of Habiniak's claims against all Defendants are barred by *res judicata*.

The only possible claims asserted herein that are not barred by *res judicata* are two breach of contract claims asserted against Grissom. In particular, Habiniak asserts that "[d]uring the period of Grissom's representation, Plaintiff and Grissom became partners.[30] . . . [and that] Plaintiff and Grissom were also partners in another deal."[31] Habiniak elsewhere alleges that "Grissom . . . breached . . . his . . . contractual commitments to . . . Plaintiff . . . ."[32] In regard to the first of these claims, Habiniak references a complaint that Grissom was to file against an

---

[24] *In re Intelogic Trace, Inc*., 200 F.3d 382, 388 (5th Cir. 2000).
[25] Dkt. No. 1, p. 10, § 21.
[26] Civil Case No. 7:14-cv-069, Dkt. 1, p. 22, ¶ 52.
[27] *Id*. at pp. 23-34.
[28] *Id*. p. 34, ¶ 87.C.
[29] *Id*., pp. 39- Dkt. No. 1-1, p. 9.
[30] Dkt. No. 1-1, ¶ 169.
[31] *Id.* at ¶ 172.
[32] *Id*. at ¶ 178.

entity by the name of Ternium.[33] As to the second, Habiniak alleges Grissom was to handle contractual negotiations between Habiniak and an individual identified as Joe Falkoski.[34] Although Habiniak has not clearly delineated this claims, it does not appear that they were asserted in *Habiniak I*, and they do not arise from the same nucleus of operative facts giving rise to *Habiniak I.* If Habiniak wishes to proceed with these two breach of contract claims, he must replead so that the Court may determine whether it will exercise its supplemental jurisdiction over these claims. Such amended complaint, limited to these two claims, and in accordance with Rule 8 of the Federal Rules of Civil Procedure must be filed no later than October 14, 2015.

Accordingly, with the exception of the two possible breach of contract claims against Grissom, the Court DISMISSES all of Habiniak's claims against all Defendants. The Court will separately consider the pending motions for sanctions.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 30th day of September, 2015.

Micaela Alvarez
United States District Judge

[33] *Id*. at ¶ 171.
[34] *Id*. at ¶ 172.